# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2538

_____

Curt Daniels, doing business as Indian    *
Creek Corp.,    *
   *
       Plaintiff - Appellant,    *
   *   Appeal from the United States
       v.    *   District Court for the Southern
   *   District of Iowa.
State of Iowa; Jeffrey R. Vont; Lyle W.    *
Asell; Paul Johnson; Larry Wilson; Julie   *     [UNPUBLISHED]
Nelson,    *
   *
       Defendants - Appellees.    *

_____

Submitted: February 13, 2006
Filed: March 14, 2006

_____

Before RILEY, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Curt Daniels appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action. The claims in his federal action relate to alleged irregularities in a prior, civil environmental enforcement action that the State of Iowa brought against Daniels in

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Iowa state court. That action resulted in an injunction and a $95,000 fine. Daniels filed an untimely appeal with the Iowa Supreme Court, which that court dismissed. He then unsuccessfully petitioned the Iowa Supreme Court and the United States Supreme Court for further review.

Approximately ten months after the United States Supreme Court denied Daniels's petition for certiorari, he initiated the present action in federal district court. The defendants filed a motion to dismiss. In a thorough and well-reasoned order, the district court granted the defendants' motion, finding in favor of the defendants on numerous, alternative grounds: (1) subject matter jurisdiction was lacking under the Rooker-Feldman Doctrine[2]; (2) even if jurisdiction existed, Daniels's claims would be barred under the doctrines of res judicata and collateral estoppel; (3) Daniels's claims against the State of Iowa and the individually named plaintiffs in their official capacities were barred by sovereign immunity; and (4) the claims against the individually named plaintiffs in their individual capacities were barred by qualified immunity.

We affirm for all of the reasons set forth by the district court. 8th Cir. R. 47B. We write further only as to one issue. Daniels argues that the size of the fine imposed by the state court was so large that it amounted to a criminal rather than civil fine and that the denial of the full protections of due process attendant to criminal proceedings render the state court proceedings void *ab initio*. He argues further that he had no opportunity to present this issue to the state courts.

We disagree with Daniels's assertion that he had no opportunity to raise this issue in state court. The *potential* fine was apparent from the outset of the state court proceedings, and, as such, he could have raised this issue in the state trial court. Even

---

[2]D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

if this argument had somehow been unavailable during trial, he could have raised it in a timely appeal.  Because Daniels failed to present this issue to the state courts, his present attempt to characterize the underlying proceedings as criminal and to collaterally attack those proceedings in this court fails for lack of exhaustion of state remedies.

The judgment of the district court is affirmed.

_____